# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### Case No. _____

_____

### In re  CHADRICK EVAN FULKS,

### Movant.

_____

### APPLICATION TO FILE SECOND OR SUCCESSIVE
### MOTION PURSUANT TO
### 28 U.S.C. § 2244 AND 28 U.S.C. § 2255(h)

_____

### CAPITAL § 2255 PROCEEDINGS

Peter Williams
Assistant Federal Defender
Federal Community Defender Office
 for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

May 23, 2016

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... i

INTRODUCTION ...........................................................................................1

PROCEDURAL HISTORY.................................................................................3

STATUTES INVOLVED ...................................................................................4

ARGUMENT ..................................................................................................6

I.    PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE. ......................................................6

    A.   *Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent. ...................................................6

    B.   *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague. ........................8

II.   KIDNAPPING UNDER § 1201 AND CARJACKING UNDER § 2119 DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3)(A). ..............................................................11

    A.   Introduction.................................................................................11

    B.   Kidnapping under § 1201 Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A). ............................................................13

    C.   Carjacking Under 18 U.S.C. § 2119 Does Not Qualify Under the Force Clause of § 924(c)(3) Because It Does Not Require the Use, Attempted Use, or Threatened Use of Violent Physical Force................................................15

    D.   Carjacking Does Not Satisfy the Force Clause Under § 924(c)(3)(A) Because It Does Not Require the *Intentional* Use, Attempted Use, or Threat of Physical Force. ......................................................................................17

III.  MR. FULKS'S CONVICTIONS UNDER 28 U.S.C. §§ 924(C) AND 924(O) SHOULD BE VACATED. ............................................................17

IV.   MR. FULKS'S APPLICATION TO FILE A SUCCESSOR PETITION SHOULD BE GRANTED. ................................................................18

CONCLUSION ...............................................................................................20

i

Chadrick Fulks, through counsel, respectfully moves for an order authorizing the United States District Court for the District of South Carolina to consider a second motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2244, 28 U.S.C. § 2255(h)(2), and Local Rule 22(d).

## **INTRODUCTION**

This Court may authorize a second or successive motion under 28 U.S.C. § 2255 if the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). Mr. Fulks's proposed second § 2255 motion (attached as Exh. A)[1] satisfies these requirements. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court of the United States ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because its definition of a violent felony "required courts to assess the hypothetical risk posed by an abstract generic version of the

---

[1]The District Court's opinion denying this motion, *Fulks v. United States*, 875 F. Supp. 2d 535 (D.S.C. Aug. 2010), is attached as Exh. B. The District Court's order denying Mr. Fulks's motion to alter or amend the district court's denial of relief pursuant to Fed. R. Civ. P. 59(e), *Fulks v. United States*, No. 4:02–cr–992 (D.S.C. Jan. 13, 2011) (unpublished), is attached as Exh. C. This Court's decision upholding the denial of § 2255 relief, *United States v. Fulks*, 683 F.3d 512 (4th Cir. 2012) is attached as Exh. D. Due to the voluminous nature of Mr. Fulks's penalty phase, Mr. Fulks has not attached the penalty phase transcript.

1

[underlying] offense." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016). The Court found the ACCA residual clause unconstitutionally vague because it required courts to envision conduct that a crime involves in the "ordinary case" and "to judge whether that abstraction presents a serious potential risk of injury." *Johnson*, 135 S. Ct. at 2557.

Mr. Fulks was convicted of using or carrying a firearm during a crime of violence under 28 U.S.C. § 924(c) and conspiracy to use or carry a firearm during a crime of violence under 28 U.S.C. § 924(o). The underlying crimes of violence for Mr. Fulks's §§ 924(c) and 924(o) convictions were carjacking as defined by 18 U.S.C. § 2119(3) and kidnapping as defined by 18 U.S.C. § 1201(a). To qualify as a crime of violence, these underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Fulks's capital conviction cannot be upheld under § 924(c)(3)(B) because that section's definition of a crime of violence requires the same "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson*. The plain language of the provisions is similar, and courts have long recognized that the provisions are analogous. Mr. Fulks's §§ 924(c) and 924(o) convictions likewise cannot be upheld under § 924(c)(3)(A)'s force clause because carjacking and kidnapping may each be committed without the intentional use of violent physical

2

force that § 924(c)(3)(A) requires.  Accordingly, Mr. Fulks's claim for relief

properly relies on *Johnson* to allege that his §§ 924(c) and (o) convictions are void

for vagueness.  For these reasons, Mr. Fulks herein makes a *prima facie* showing

that his proposed claim falls within the scope of § 2255(h)(2) and requests that this

Court grant him permission to file a successor § 2255 motion.

## PROCEDURAL HISTORY

In 2004, in the District of South Carolina, Mr. Fulks pled guilty to

possessing or using a firearm during a crime of violence as defined by 18 U.S.C. §

924(c), conspiracy to carry or use a firearm in a crime of violence as defined by 18

U.S.C. § 924(o), carjacking as defined by 18 U.S.C. § 2119(3), kidnapping as

defined by 18 U.S.C. § 1201(a), and other charges.  A contested sentencing hearing

took place before a jury after Mr. Fulks's guilty plea was entered and the jury

sentenced Mr. Fulks to death.  This Court affirmed.  *United States v. Fulks*, 454

F.3d 410 (4th Cir. 2006).  The Supreme Court denied certiorari review.  *Fulks v.*

*United States*, 551 U.S. 1147 (2006).

Mr. Fulks filed a motion to vacate the convictions and sentence and for a

new trial pursuant to 28 U.S.C.A. § 2255, which was denied.  *Fulks v. United*

*States*, 875 F. Supp. 2d 535 (D.S.C. 2010).  The denial was affirmed on appeal.

3

*United States v. Fulks*, 683 F.3d 512 (4th Cir. 2012).  The Supreme Court denied

certiorari review.  *Fulks v. United States*, 134 S. Ct. 52 (2013).

Mr. Fulks now applies to file a second or successive motion under

§ 2255(h)(2).  Pursuant to §§ 2255(f) and (h), this application is timely as it is filed

within one year of the date that *Johnson* was decided.

## STATUTES INVOLVED

### 18 U.S.C. § 1201

Section 1201(a), in pertinent part, provides:

Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when– . . .

(1) The person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; . . .

shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

### 18 U.S.C. § 2119

Section 2119, in pertinent part, provides:

Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or

4

foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall–

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

## 18 U.S.C. § 924

Section 924(c)(1)(A), in pertinent part, provides:

[A] person who, during and in relation to a crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence [be punished in accordance with this statute].

Section 924(c)(3) defines "crime of violence" as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and–

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(o), in pertinent part, provides:

A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both . . . .

5

## ARGUMENT

**I.     PURSUANT TO *JOHNSON*, § 924(C)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.**

In *Johnson*, the Supreme Court analyzed the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another"), which parallels in all material respects § 924(c)(3)(B)'s residual clause (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

**A.     *Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent.**

In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) was unconstitutionally vague because the process by which courts categorize convictions as violent was unacceptably "wide-ranging" and "indetermina[te]." *Johnson*, 135 S. Ct. at 2557. The Court began by reaffirming that, under *Taylor v. United States*, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular statute is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562. Courts must therefore

6

assess whether a crime is a violent felony "'in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion.'" *Id.* at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

The Court observed that, under its precedents, the residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious potential risk of injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted). But the *Johnson* court found that "grave uncertainty" abounded in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id*. at 1257-58. The Court thus concluded that the process of determining what is embodied in the "ordinary case" was fatally flawed and unconstitutionally vague. *Id*.

This flaw alone established the residual clause's unconstitutional vagueness, but a closely related defect exacerbated the problem. *Id*. The residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id.* at 2558. Although the level of risk required under the

7

residual clause could arguably be similar to that of the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id.* The Court held that the indeterminacy, unpredictability, and arbitrariness inherent in the ordinary case analysis was more than the "Due Process Clause tolerates." *Id.* Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

**B.    *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague.**

The residual clause in § 924(c) suffers the same defects as the ACCA residual clause in § 924(e). The language of the provisions is similar; federal courts treat the provisions the same; and both provisions depend on the now-abrogated "ordinary case" analysis.

Section 924(e) defines a "violent felony" to include those that involve "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include those that involve "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to their intrinsic risk that they may involve physical force or injury. Although the risk at issue in § 924(e) is a risk of physical

8

injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale. The Supreme Court's holding did not turn on the type of risk at issue but rather on how courts assess and quantify the risk intrinsic in a crime.

Section 924(e)'s residual clause is similar to § 924(c)(3)(B) and to 18 U.S.C. § 16(b), which is identical to § 924(c)(3)(B).[2] *See, e.g.*, *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (relying on ACCA case to interpret crime of violence under § 16(b)). *See also, Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (§ 16(b) "closely resembles ACCA's residual clause").

Under § 924(c), just as under § 924(e), a court must first picture the "ordinary case" and then decide if it categorically qualifies as a crime of violence by assessing the intrinsic risk posed. *See United States v. Fuertes*, 805 F.3d 485,

---

[2] 18 U.S.C. § 16 defines a crime of violence as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

9

498-99 (4th Cir. 2015) (explaining that, to determine whether a predicate offense qualifies as a crime of violence under § 924(c), courts must use the categorical approach and look to the statutory definition of the offense).

Indeed, in litigating *Johnson*, the United States agreed that the residual clauses in § 924(e) and § 924(c) posed the same problem. After noting that the definitions of crime of violence in the residual clauses of § 924(c) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 1284964, at *22-23 (Mar. 20, 2015). The Solicitor General's analysis was correct. The residual clauses in both § 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is.

Because this is the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional, as various federal courts have

10

recognized.[3] *United States v. Bell*, No. 15–00258, 2016 WL 344749, at *11-13

(N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433, 2016

WL 393545, at *3-6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*,

No. 13–CR–15, 2015 WL 9311983, at *2-6 (D. Md. Dec. 23, 2015); *see also*

*Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (authorizing

successive § 2255 motion based on *Johnson*'s applicability to § 924(c))

(unpublished; attached as Exh. E); *Ruiz v. United States*, No. 16-1193 (7th Cir.

Feb. 19, 2016) (same) (unpublished; attached as Exh. F).

## II.     KIDNAPPING UNDER § 1201 AND CARJACKING UNDER § 2119 DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(C)(3)(A).

### A.     Introduction.

Because the residual clause of § 924(c) is unconstitutionally vague, the

validity of Mr. Fulks's §§ 924(c) and (o) convictions depends on whether his

carjacking and kidnapping convictions satisfy § 924(c)(3)(A)'s force clause.  To

determine whether a predicate offense qualifies as a crime of violence under §

---

[3]The Fifth, Seventh, and Ninth Circuits have also held that the residual clause of § 16, which is identical to the residual clause in § 924(c), is sufficiently similar to the residual clause in § 924(e) that it is unconstitutionally vague.  *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016); *United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

11

924(c), reviewing courts must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Id.* at 2283 (citation omitted). "[W]hen a statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence." *Fuertes*, 805 F.3d at 498.

Under the categorical approach, to satisfy the force clause of § 924(c), the offense in question must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 924(c)(3)(A). An offense does not satisfy § 924(c)(3)(A) under the categorical approach if it can be achieved without the use, attempted use, or threat of *violent* physical force. *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (physical force in the context of § 924 "means *violent* force - i.e., force capable of causing physical pain or injury to another person.").

Additionally, an offense can only constitute a crime of violence under the force clause if it requires that the use of force be intentional or a "means to an end in the commission of the crime . . . ." *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th

12

Cir. 2006) (interpreting the categorical crime of violence component of 18 U.S.C. § 16(b), which is identical to that of § 924 (c)).

For the reasons outlined below, because the federal kidnapping and carjacking statutes do not require the government to prove that the defendant used violent physical force or that he or she did so intentionally, they do not qualify as crimes of violence under the force clause of § 924(c)(3)(A).

**B.      Kidnapping under § 1201 Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).**

Kidnapping under § 1201 does not qualify as a crime of violence under the force clause of § 924(c)(3)(A) because it may be accomplished without the use of violent physical force.  Kidnapping may be accomplished through non-physical means, such as by "inveigling" or "decoying."  Section 1201(a); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means.").

Because a violation of § 1201 may be committed by means of fraud or deception instead of by force, it does not categorically include the element of

13

physical force necessary to qualify as a crime of violence under § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498-99 (concluding that sex trafficking by force, fraud, or coercion is not a crime of violence under either the force clause or residual clause of § 924(c) because it does not categorically involve physical force).

In addition, § 1201's requirement that the kidnapper "hold" the victim for ransom or reward does not categorically require physical force. As the Supreme Court has explained, "[t]he act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Moreover, the victim need not even be aware of such restraint: "[i]f the victim is of such an age or mental state as to be incapable of having a recognizable will, the confinement then must be against the will of the parents or legal guardian of the victim." *Id.* As such, a kidnapper who lures a child across state lines may "seize" and "hold" the child by means of enticement without any use of physical force, as long as such actions were against the will of the parents or legal guardian. Indeed, a common kidnapping scenario – the kidnapping of a newborn from a hospital – need not involve any violent physical force, because such force would be unnecessary.

14

C.      **Carjacking Under 18 U.S.C. § 2119 Does Not Qualify Under the Force Clause of § 924(c)(3) Because It Does Not Require the Use, Attempted Use, or Threatened Use of Violent Physical Force.**

That a conviction involves the threatened, attempted, or actual infliction of injury does not satisfy the force clause.  In *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), this Court considered whether the defendant's prior conviction for the California offense of willfully threatening to commit a crime which "*will result in death or great bodily injury to another*" had an element equating to a threat of violent force under the under the force clause of U.S.S.G. § 2L1.2 – a clause that is identical in all relevant respects to the § 924(c)(3)(A) force clause.  *Id.* at 168 (citing Cal. Penal Code § 422(a)) (emphasis added).  Differentiating between threatening a crime that would result in *injury* and the use, attempted use, or threatened use of *force*, this Court reasoned that "of course, a crime may result in death or serious injury without involving *use* of physical force."  *Id.*  Even though the California statute in *Torres-Miguel* required the defendant to have threatened to commit a crime that would result in "death or great bodily injury," the Court found that the California statue was missing a "violent force" element, and thus, could never qualify as a "crime of violence" under the force clause.  *Id.* at 168-69.  The Court held that "[a]n offense that results in

15

physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence." *Id.* at 168.

Carjacking, as defined by 18 U.S.C. § 2119, can be accomplished by intimidation. The Modern Federal Jury instructions on carjacking indicate that, to find intimidation, "[t]he government . . . must show that an ordinary person would have feared bodily harm because of defendant's behavior" and that the defendant "confronted [the victim] in such a way that it would reasonably create a fear of bodily harm." Modern Federal Jury Instruction 53A-5, Sand and Siffert (2014). To establish intimidation, the government need not prove "that the defendant made explicit threats of bodily harm." *Id.*

Accordingly, the intimidation element of the carjacking statute fails to satisfy § 924(c)'s force clause. Intimidation requires that the victim reasonably infer a threat of *harm* but § 924(c)(3)(A) requires the use, attempted use, or threat of *force*. If, as in *Torres-Miguel*, the threat of "death or great bodily injury" did not satisfy the force clause, then the fear of bodily harm without any explicit threat does not either. Because "[a]n offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence," *Torres-Miguel*, 701 F.3d at 168, carjacking by intimidation does not satisfy the force clause.

16

**D.** **Carjacking Does Not Satisfy the Force Clause Under § 924(c)(3)(A) Because It Does Not Require the *Intentional* Use, Attempted Use, or Threat of Physical Force.**

In addition to the grounds outlined *supra*, regarding violent physical force, carjacking fails to satisfy the force clause because the intimidation element of the carjacking statute does not require an *intentional* threat of physical force. As discussed above, under *Garcia v. Gonzales*, 455 F.3d 465, for the force clause to be satisfied, the use of violent physical force required by the statute must be intentional. *See* Section A, *supra*. Intimidation, as explained above, does not require intent or even an explicit threat, but is focused on whether a reasonable person would be placed in fear of injury by the defendant's actions, regardless of his intent. *See* Section C, *supra*. As a defendant may be found guilty of carjacking even though he did not intend to put another in fear of injury, carjacking fails to qualify as a crime of violence under *Garcia*.

## III. MR. FULKS'S CONVICTIONS UNDER 28 U.S.C. §§ 924(C) AND 924(O) SHOULD BE VACATED.

Mr. Fulks's convictions under 28 U.S.C. §§ 924(c) and (o) should be vacated. A conviction must be vacated when subsequent court rulings establish that conduct charged is no longer criminal. *See, e.g.*, *Miller v. United States*, 735 F.3d 141, 146-47 (4th Cir. 2013) (vacating the defendant's conviction where a

17

subsequent decisional law rendered his conduct non-criminal); *United States v. Adams*, 814 F.3d 178 (4th Cir. 2016) (same for a guilty plea).

Here, Mr. Fulks's §§ 924(c) and (o) convictions relied on the proposition that carjacking under 28 U.S.C. § 1201 and kidnapping under 28 U.S.C. § 2119 were crimes of violence under § 924(c)(3)(A). His indictment and guilty plea explicitly relied on the carjacking and kidnapping statutes as the predicate crimes of violence for his §§ 924(c) and (o) charges. *See* Superseding Indictment (attached as Exh. G); Tr. 5/4/04 and 5/7/04 at 45-48 (attached as Exh. H). As carjacking under 28 U.S.C. § 1201 and kidnapping under 28 U.S.C. § 2119 cannot satisfy either clause of § 924(c)(3), Mr. Fulks was therefore prosecuted on an indictment that failed to state offenses under §§ 924(c) and (o) and convicted of conduct that is no longer criminal under these two statutes. His convictions for §§ 924(c) and (o) should be vacated.

## IV.   MR. FULKS'S APPLICATION TO FILE A SUCCESSOR PETITION SHOULD BE GRANTED.

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28

18

U.S.C. § 2255(h)(2).  Under this provision, a federal prisoner must make a *prima facie* showing that the motion to be filed is based on a previously unavailable new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review.  *See Tyler v. Cain*, 533 U.S. 656, 662 (2001).  A *prima facie* showing in this context is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court."  *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quoting *Bennett v. United States*, 119 F.2d 468, 469-70 (7th Cir. 1997)).  This "'showing of possible merit'" relates only to whether the claims in this application satisfy the requirements for filing a second or successive motion, "not the possibility that the claims will ultimately warrant a decision in favor of the applicant."  *Williams*, 330 F.3d at 282.  While "this determination may entail a cursory glance at the merits," the "focus of the inquiry must always remain on the [§ 2255(h)(2)] standards" – that is, whether Mr. Fulks's claim relies on a new rule of constitutional law made retroactive by the Supreme Court.  *Id*.

Mr. Fulks has satisfied this standard.  In *Welch*, the Supreme Court announced that "[i]t is undisputed that *Johnson* announced a new rule," that this rule was one of substantive constitutional law, and that it has "retroactive effect in cases on collateral review."  *Welch*, 136 S. Ct. at 1264-65, 1268.  Through Sections I-III, *supra*, Mr. Fulks has stated a claim for relief based on *Johnson*, a case which

19

overruled prior precedent and was not previously available. Mr. Fulks has met his burden and his application should be granted.

## **CONCLUSION**

WHEREFORE, because Mr. Fulks has presented a *prima facie* claim that the requirements of 28 U.S.C. §§ 2244 and 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to file a second § 2255 motion in the District Court.

Respectfully Submitted,

/s/ Peter Williams
Peter Williams
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Chadrick Fulks

Dated: May 23, 2016

20

## Certificate of Service

I, Peter Williams, hereby certify that on this 23rd day of May, 2016, I

submitted the foregoing Application with service via first class mail to:

Robert F. Daley, Esq.
Office of the United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201

/s/ Peter Williams
Peter Williams