No. 16-9

# In the United States Court of Appeals for the Fourth Circuit

---

UNITED STATES OF AMERICA,

Respondent,

v.

CHADRICK E. FULKS,

Movant.

---

On Application for Leave to File a Successive Motion under 28 U.S.C. § 2255

---

COURT ORDERED RESPONSE TO MOVANT'S APPLICATION

---

WILLIAM N. NETTLES
United States Attorney

ROBERT F. DALEY
Assistant U.S. Attorney
District of South Carolina

LESLIE R. CALDWELL
Assistant Attorney General

SUNG-HEE SUH
Deputy Assistant Attorney General

THOMAS E. BOOTH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W. Suite, 1511
Washington, DC 20530
(202) 514-5201
Thomas.booth@usdoj.gov

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

PROCEDURAL HISTORY.................................................................................. 1

ARGUMENT ...................................................................................................... 3

    II.    The decision in <u>Johnson</u> v. <u>United States</u>, 135 S. Ct. 2551 (2015), does not apply to a conviction under 18 U.S.C. § 924(c). ..................................... 3

    III.    In any event, federal kidnapping and carjacking are "crimes of violence" under the force clause of 18 U.S.C. § 924(c)(3)(a). ...................................... 10

CONCLUSION .................................................................................................. 14

CERTIFICATE OF SERVICE............................................................................ 15

CERTIFICATE OF COMPLIANCE .................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

Ashley v. United States, 266 F.3d 671 (7th Cir. 2001) ........................................................... 9

Chatwin v. United States, 326 U.S. 455 (1946) ................................................... 11

Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) ................................................. 8

Evans-Garcia v. United States, 744 F.3d 235 (1st Cir. 2014) ............................................8, 9

In re Garner, 612 F.3d 533 (6th Cir. 2010) ...................................................... 10

In re: Neville, 440 F.3d 220 (5th Cir.), cert. denied, 546 U.S. 1161 (2006) ........................ 10

Johnson v. United States, 135 S. Ct. 2551 (2015) .........................................................passim

Leocal v. Ashcroft, 543 U.S. 1 (2004) ...................................................... 7

Roper v. Simmons, 543 U.S. 551 (2005) ...................................................... 10

Schriro v. Summerlin, 542 U.S. 348 (2004) ...................................................... 3

Teague v. Lane, 489 U.S. 288 (1989) ...................................................... 5

Torres v. Lynch, 2016 WL 2903424 (U.S. May 19, 2016) ...................................................... 7

Tyler v. Cain, 533 U.S. 656 (2001) ...................................................... 8, 9

United States v. Addonizio, 442 U.S. 178 (1979) ...................................................... 8

United States v. Castleman, 134 S. Ct. 1403 (2014) ...................................................... 12

United States v. Childress, 26 F.3d 498 (4th Cir. 1994) ...................................................... 11

United States v. Fulks, 454 F.3d 410 (4th Cir. 2006), cert. denied, 551 U.S. 1147 (2007) ...................................................... 2

United States v. Fulks, 683 F.3d 512 (4th Cir. 2012), cert. denied, 134 S. Ct. 52 (2013) ...................................................... 2

United States v. Garcia, 469 U.S. 70 (1984) ...................................................... 13

United States v. George, 676 F.3d 249 (1st Cir. 2012) ...................................................... 8

United States v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016), reh'g en banc granted, 2016 WL 766980 (Feb. 26, 2016) ...................................................... 8

<u>United States</u> v. <u>Graham</u>, No, 12-4659, Slip op. (May 31, 2016) (en banc)........................ 13

<u>United States</u> v. <u>Hughes</u>, 716 F.2d 234 (4th Cir. 1983) .................................................. 11

<u>United States</u> v. <u>McNeal</u>, _ F.3d _, 2016 WL 1178823 (4th Cir. March 28, 2016) ............. 12

<u>United States</u> v. <u>Mohammad</u>, 27 F.3d 815 (2d Cir.), cert. denied 513 U.S. 975 (1994) ...... 12

<u>United States</u> v. <u>Moore</u>, 43 F.3d 568 (11th Cir.). cert. denied, 516 U.S. 879 (1994) ........... 12

<u>United States</u> v. <u>Patino</u>, 962 F.2d 263 (2d Cir.), cert. denied, 506 U.S. 927 (1992) ............ 11

<u>United States</u> v. <u>Pinder</u>, 2016 WL 3081954 (11th Cir. June 1, 2016)................................ 13

<u>United States</u> v. <u>Rodriguez-Moreno</u>, 526 U.S. 275 (1999) .................................................. 7

<u>United States</u> v. <u>Salemi</u>, 26 F.3d 1084 (11th Cir.), cert. denied, 513 U.S. 1032 (1994) ....... 11

<u>United States</u> v. <u>Taylor</u>, 814 F.3d 340 (6th Cir. 2016) ......................................................... 5

<u>United States</u> v. <u>Torres-Miguel</u>, 701 F.3d 165 (4th Cir. 2012)............................................ 12

<u>United States</u> v. <u>Vivas-Ceja</u>, 808 F.3d 719 (7th Cir. 2015) .............................................8, 13

<u>United States</u> v. <u>Willis</u>, 234 F.3d 174 (4th Cir. 2000) ....................................................... 11

<u>Welch</u> v. <u>United States</u>, 136 S. Ct. 1257 (2016)..............................................................3, 5

**Statutes**

18 U.S.C. § 16(b) ...............................................................................................................4, 7

18 U.S.C. § 371 .................................................................................................................... 1

18 U.S.C. § 922(g) ............................................................................................................... 1

18 U.S.C. § 922(j) ................................................................................................................ 1

18 U.S.C. § 924(a)(2) ........................................................................................................... 3

18 U.S.C. § 924(c)(1)(A) ...................................................................................................... 2

18 U.S.C. § 924(c)(3) ........................................................................................................... 2

18 U.S.C. § 924(c)(3)(A) ...................................................................................................... 3

18 U.S.C. § 924(c)(3)(B)....................................................................................................... 3

18 U.S.C. § 924(e) ................................................................................................ 3

18 U.S.C. § 924(e)(2)(B)(ii) ................................................................................. 6

18 U.S.C. § 924(o) ............................................................................................1, 2

18 U.S.C. § 1201(a)(1) ...................................................................................1, 11

18 U.S.C. § 2113 ............................................................................................... 12

18 U.S.C. § 2119 ..........................................................................................1, 12

18 U.S.C. § 2312 ................................................................................................. 1

28 U.S.C. § 2244(b)(3)(C) .................................................................................. 9

28 U.S.C. § 2244(b)(3)(D) .................................................................................. 9

28 U.S.C. § 2255(h) ............................................................................................ 1

28 U.S.C. § 2255(h)(2) ....................................................................................... 4

U.S.S.G. § 4B1.2(a)(1) ....................................................................................... 4

**INTRODUCTION**

Fulks has filed an application under 28 U.S.C. § 2255(h) to file a successive motion under Section 2255 on the ground that his convictions and sentences for using, carrying, or possession of a firearm during a carjacking and a kidnapping, in violation of 18 U.S.C. § 924(c), and conspiracy to commit a substantive Section 924(c) offense, in violation of Section 924(o), are invalid in light of <u>Johnson</u> v. <u>United States</u>, 135 S. Ct. 2551 (2015). The Court should deny the application because this successive collateral attack is not the appropriate forum for extending <u>Johnson</u> to the different language of Section 924(c)(3)(B), and Fulks' convictions qualify under Section 924(c)(3)(A)'s force clause in any event.

**PROCEDURAL HISTORY**

In the United States District Court for the District of South Carolina, Fulks pleaded guilty to carjacking resulting in death, in violation of 18 U.S.C. § 2119; kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1); interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312; conspiracy to commit carjacking, kidnapping, interstate transportation of a stolen vehicle, felon in possession of a firearm, and possession of stolen firearms, in violation of 18 U.S.C. § 371; conspiracy to use and carry firearms during and in relation to, and to possess firearms in furtherance of, crimes of violence, in violation of 18 U.S.C. § 924(o); using and carrying firearms during and in relation to, and possessing firearms in furtherance of, crimes of violence, in violation of 18 U.S.C. § 924(c); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and possession of stolen firearms, in violation of 18 U.S.C. § 922(j). He was sentenced to death on the carjacking and kidnapping counts, and to a total of 744 months of imprisonment on the remaining counts. This Court affirmed. <u>United States</u> v. <u>Fulks</u>, 454 F.3d 410 (4th Cir. 2006), cert. denied, 551

U.S. 1147 (2007). In 2008, Fulks filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion. This Court affirmed. United States v. Fulks, 683 F.3d 512 (4th Cir. 2012), cert. denied, 134 S. Ct. 52 (2013).

b. 18 U.S.C. § 924(c)(1)(A) makes it a crime for a person to use or carry a firearm during and in relation to a "crime of violence" or to possess a firearm in furtherance of such a crime. 18 U.S.C. § 924(o) makes it a crime to conspire to commit a substantive Section 924(c) offense. Section 924(c)(3) defines a "crime of violence" as:

> [A]n offense that is a felony and—
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Count 5 of the indictment alleged that Fulks conspired with Brandon Basham to commit a substantive Section 924(c) offense with respect to the carjacking and kidnapping offenses alleged in Counts 1 and 2. Count 6 alleged that Fulks and Basham committed a substantive Section 924(c) offense with respect to those carjacking and kidnapping offenses. Fulks was sentenced to death on the carjacking and kidnapping counts, and to a total of 744 months of imprisonment on the remaining counts, including a concurrent term of 240 months' imprisonment on the Section 924(o) count, and a consecutive term of 84 months' imprisonment on the Section 924(c) count.

# ARGUMENT

I. **THE DECISION IN <u>JOHNSON</u> V. <u>UNITED STATES</u>, 135 S. CT. 2551 (2015), DOES NOT APPLY TO A CONVICTION UNDER 18 U.S.C. § 924(C).**

Fulks contends (App. 6-20) that he is entitled to authorization to file a successive motion under Section 2255 on the ground that his Section 924 convictions are invalid in light of <u>Johnson</u> v. <u>United States</u>, 135 S. Ct. 2551 (2015). The Court should deny the application.

In <u>Johnson</u>, the Supreme Court held that the imposition of "an increased sentence under the residual clause of the Armed Career Criminal Act [of 1984, 18 U.S.C. § 924(e)] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In <u>Welch</u> v. <u>United States</u>, 136 S. Ct. 1257 (2016), the Court held that <u>Johnson</u> announced a new substantive rule with retroactive effect on collateral review because a misapplication of the ACCA subjects a defendant to a minimum of five extra years of imprisonment. Compare 18 U.S.C. § 924(e) (ACCA mandates minimum 15-year sentence) with 18 U.S.C. § 924(a)(2) (unenhanced statutory maximum is 10 years of imprisonment); see generally <u>Schriro</u> v. <u>Summerlin</u>, 542 U.S. 348, 351-352 (2004) (rule that subjects a defendant to "a punishment that the law cannot impose upon him" is substantive). <u>Welch</u>'s narrow holding – that <u>Johnson</u> announced a substantive rule in ACCA cases – has no bearing on Fulks' case because Fulks is not challenging an ACCA enhancement. Instead, Fulks is asking this Court to extend <u>Johnson</u> to the residual clause in Section 924(c)(3)(B), a statute other than the ACCA. Whether and to what extent <u>Johnson</u> can or should be extended as Fulks proposes should occur in a case on direct review, and not an application for leave to file a successive collateral attack. Fulks' application must be measured against the constitutional landscape as it stands today, and he may not use this proceeding as a forum to advocate for the adoption of a new constitutional

rule.  Because Section 924(c), as it stands today, remains constitutional after both <u>Johnson</u> and <u>Welch,</u> Fulks' application should be denied.

1.  <u>Johnson</u> has spawned extensive litigation involving two distinct issues.  The first concerns its breadth – <u>i.e.</u>, the extent to which <u>Johnson</u>'s holding invalidates federal statutes containing residual clauses that are similar to the residual clause of the ACCA.  See, <u>e.g.</u>, 18 U.S.C. § 16(b), 18 U.S.C. § 924(c)(3)(B); see also U.S.S.G. § 4B1.2(a)(1) (identically worded residual clause to the ACCA).  The second concerns its temporal reach – <u>i.e.</u>, the extent to which <u>Johnson</u>'s holding invalidating the ACCA's residual clause applies retroactively on collateral review of ACCA-enhanced sentences.  Fulks' application implicates the first issue: he argues that <u>Johnson</u> invalidates his Section 924(c) and Section 924(o) convictions.  <u>Welch</u>'s retroactivity holding, by contrast, involved the second issue: whether <u>Johnson</u> applies retroactively in ACCA cases.  <u>Welch</u>'s narrow holding is only that <u>Johnson</u> is retroactive in ACCA case, and therefore, <u>Welch</u> does not alter the conclusion that Fulks' application should be denied.

2.  To obtain authorization to file a successive motion, Fulks must make a prima facie showing that his claim involves (1) a new rule (2) of constitutional law that was (3) previously unavailable and that (4) has been made retroactive to cases on collateral review.  <u>See</u> 28 U.S.C. § 2255(h)(2).  In the sphere in which <u>Johnson</u> operates (<u>i.e.</u>, ACCA-enhanced sentences based in part on the residual clause), those requirements are met:  the first three requirements were never in serious dispute, and the fourth requirement, though once in dispute, has now been resolved by <u>Welch</u>.  Fulks' application presents a claim that is outside of <u>Johnson</u>'s sphere, however:  he is not challenging an ACCA-enhanced sentence, but is arguing instead that his convictions under Section 924(c) – a statute not at issue in <u>Johnson</u> –

are infirm.  Because Fulks is not relying on <u>Johnson</u> but is asking the Court to extend that decision to a new context, his application should be denied.  An application for leave to file a successive collateral attack is not a proper forum for articulating new rules of law.  See <u>Teague</u> v. <u>Lane</u>, 489 U.S. 288 (1989) (plurality opinion).

a.  <u>Johnson</u> invalidated the residual clause of the ACCA "based on two features that conspired to make it vague:  (1) the difficulty of determining how much risk is required, and (2) the application of a risk-based standard to a hypothetical "ordinary case."  135 S. Ct. at 2557, 2558.  The Court emphasized, however, that its ruling should not be understood to raise doubts about (much less invalidate) other laws using similar risk-based language.  <u>Id</u>. at 2561 ("The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. * * * Not at all.").  <u>Welch</u> reaffirmed this point, emphasizing that <u>Johnson</u> "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages in a particular occasion.'"  136 S. Ct. at 1261.   Because <u>Johnson</u> did not address Section 924(c)(3)'s residual clause, it did not invalidate it of its own force.  <u>See United States</u> v. <u>Taylor</u>, 814 F.3d 340, 378 (6th Cir. 2016) (<u>Johnson</u> "stressed that its reasoning did not control other statutes that refer to predicate crimes"; rejecting vagueness challenge to Section 924(c)).

<u>Taylor</u> held that kidnapping and carjacking qualify as "crimes of violence" under the residual clause of Section 924(c)(3)(B) and that that clause is constitutional.  That is because Section 924(c)(3)(B) has multiple differences from the ACCA's residual clause.  First, while the ACCA's residual clause refers to offenses that "involve[] conduct that presents a serious

potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), Section 924(c)(3)(B) refers to an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (emphasis added). Although both statutes require a court to examine the ordinary case of the offense-- a feature of the ACCA that the Court found to contribute to its indeterminacy, see Johnson, 135 S. Ct. at 2557-2558--that inquiry is far more targeted and straightforward in the context of Section 924(c)(3)(B). By focusing on the use of physical force "in the course of committing the offense," Section 924(c)(3)(B) confines the risk assessment to only those risks that arise during the commission of the offense. That averts a key factor that the Court found problematic in the ACCA risk analysis: the necessity for courts to go "beyond evaluating the chances that the physical acts that make up the crime injure someone" and to evaluate the risk of injury even "after" completion of the offense. Id. at 2557; see id. at 2559 (noting that "remote" physical injury could qualify under ACCA, but that the clause does not indicate "how remote is too remote").

Second, and relatedly, Section 924(c)(3)(B) focuses on the risk of the use of force, not a broader risk of injury. That restricts Section 924(c)(3)(B) to a narrower category of conduct that can result in injury or property damage -- i.e., conduct that is the product of the use of force.

Third, an additional determinative factor in Johnson was that the ACCA's residual clause is preceded by a list of enumerated offenses of widely differing risk levels ("burglary, arson, or extortion" or offenses "involving use of explosives"). The Court attributed part of the "uncertainty about how much risk it takes for a crime to qualify" under the residual clause to that list, because it "forces courts to interpret 'serious potential risk' in light of the four

6

enumerated crimes," which are "far from clear in respect to the degree of risk each poses." 135 S. Ct. at 2558 (citations omitted). No such list is included in Section 924(c)(3)(B).

Fourth, Section 924(c)(3)(B) has a different function than the ACCA. Unlike the ACCA, Section 924(c)(3)(B) does not identify predicate convictions for the purpose of a recidivist enhancement. Rather, a "crime of violence" under that provision, if perpetrated with a sufficient nexus to a firearm, is a new offense. That narrows the type of offenses that might serve as predicate offenses to ones that could be committed with a sufficient nexus to a firearm.

Finally, <u>Johnson</u> emphasized the Supreme Court's "repeated" inability to develop a "principled and objective standard" for analyzing the residual clause of the ACCA. 135 S. Ct. at 2558; <u>see</u> <u>id.</u> at 2559 (noting that <u>Johnson</u> was the Court's "fifth [case] about the meaning of the [ACCA] residual clause"). In contrast to its ACCA jurisprudence, the Court has never had occasion to resolve a disputed question about the meaning of Section 924(c)(3)(B), and the Court took it as self-evident that kidnapping qualifies as a "crime of violence" under that clause in <u>United States</u> v. <u>Rodriguez-Moreno</u>, 526 U.S. 275 (1999). <u>See</u> <u>id.</u> at 280. The Court, moreover, has rendered only one significant decision addressing the identical definition of "crime of violence" in 18 U.S.C. § 16(b), and that decision was unanimous. <u>See</u> <u>Leocal</u> v. <u>Ashcroft</u>, 543 U.S. 1 (2004). And most recently, the Court indicated that Section 16(b) can be applied in a principled manner by identifying offenses that fall inside or outside the statute, including offenses that likely qualify only under Section 16(b). <u>See</u> <u>Torres</u> v. <u>Lynch</u>, 136 S. Ct. 1619, 1629 (2016) (majority opinion); <u>id</u>. at 1367 n.1 (dissenting opinion).

b. To be sure, some courts have disagreed with <u>Taylor</u> and have extended <u>Johnson</u> to 18 U.S.C. § 16(b), a statute identically worded to Section 924(c)(3)(B).  <u>See</u> <u>United States</u> v. <u>Vivas-Ceja</u>, 808 F.3d 719, 723 (7th Cir. 2015) ("Applying <u>Johnson</u>'s reasoning here, we conclude that Section 16(b) is unconstitutionally vague."); <u>Dimaya</u> v. <u>Lynch</u>, 803 F.3d 1110, 1120 (9th Cir. 2015) (same).  <u>See also</u> <u>United States</u> v. <u>Gonzalez-Longoria</u>, 813 F.3d 225 (5th Cir. 2016), reh'g en banc granted, 2016 WL 766980 (Feb. 26, 2016).  Although the merits are not before the Court at this time, <u>see</u> <u>Evans-Garcia</u> v. <u>United States</u>, 744 F.3d 235, 237 (1st Cir. 2014), those cases were decided on direct appeal (or on a petition for review of an agency determination), a setting where it is entirely appropriate for appellate courts to engage in their traditional function of deciding whether to modify or refine precedent.  <u>See generally</u> <u>United States</u> v. <u>Addonizio</u>, 442 U.S. 178, 184 (1979).  This is a successive collateral attack on a final judgment, however, and Fulks must shoulder a far greater burden here out of respect for the heightened finality interests at stake.  <u>United States</u> v. <u>George</u>, 676 F.3d 249, 258 (1st Cir. 2012) ("[A]n initial habeas petition is easier for a criminal defendant to litigate than a successive one.").  To meet that burden, Fulks must present a claim that is based on what the law is and has been recognized to be.  Where a claim depends on the extension of precedent, it follows that authorization cannot be granted because the Court would need to announce a new rule of law for the first time in the defendant's own case, which it cannot do.  <u>Cf.</u> <u>Tyler</u> v. <u>Cain</u>, 533 U.S. 656, 667 (2001) (holding that the Supreme Court cannot "today" make a new rule retroactive in the defendant's own case for purposes of a successive application).

c. The statutes regulating successive Section 2255 motions support this view.  Acting in their gatekeeping capacity, the courts of appeals are not asked to conduct a plenary merits review in these cases; instead, they need only decide whether the defendant has made a

"prima facie showing" that his claim satisfies one of two narrow sets of statutory criteria. 28 U.S.C. § 2244(b)(3)(C). And in making that determination, Congress has imposed strict procedural limitations: the proceedings are truncated, often non-adversarial, and subject to expedited disposition. See 28 U.S.C. § 2244(b)(3)(D) (applications must generally be decided within 30 days). The 30-day time frame for decision in particular is evidence that Congress generally intended the courts of appeals, acting as gatekeepers, to make a quick up-or-down determination after comparing the defendant's allegations to the statutory conditions for authorization without the need to undertake difficult legal analysis. See Ashley v. United States, 266 F.3d 671, 673 (7th Cir. 2001) ("[s]hortness of time" for resolving successive applications "implies a mechanical process; all the court need do is look up an answer in the United States Reports"); cf. Tyler, 533 U.S. at 664 (AEDPA's "stringent time limit" means that the courts of appeals should not have to undertake "the difficult legal analysis that can be required to determine questions of retroactivity in the first instance"). Accordingly, when an application depends on the extension of precedent rather than its application, authorization should be denied.

Courts have recognized as much, explaining that "a circuit court should deny certification where it is clear as a matter of law, and without the need to consider contested evidence, that the petitioner's identified constitutional rule does not apply to the petitioner's situation." Evans-Garcia, 744 F.3d at 240. That is the case here: it is "clear as a matter of law," from both Johnson's holding and its express disavowal of an intent to cast doubt on the constitutionality of other statutes, that Fulks' "identified constitutional rule" – i.e., Johnson's rule invalidating the ACCA's residual clause – "does not apply" to Fulks because Fulks is not challenging an ACCA-enhanced sentence. There may be reasonable arguments why the

9

Johnson rule should be extended to a situation like Fulks' but that is insufficient to justify a successive collateral attack. The Sixth Circuit's decision in In re Garner, 612 F.3d 533, 535-536 (2010), illustrates this point. Garner sought leave to file a successive collateral attack based on Roper v. Simmons, 543 U.S. 551 (2005), which held that the Eighth Amendment forbids the execution of a defendant who was 18 at the time of his crime. Although Garner conceded that he was more than 18 years old at the time of his crime, he argued that his death sentence was invalid under Roper because he had the mental age of a 14-year-old. The Sixth Circuit denied Garner's application because Roper had not articulated the rule of law upon which Garner's claim was based: "[t]he Roper Court did not hold that the Eighth Amendment prohibits a death sentence for an offender with a 'mental age' of less than 18. Rather, the Roper Court clearly held that a sentence of death may not be imposed upon an offender with a chronological age of less than 18." Id. at 535-536 (emphasis in original). And, while the court acknowledged reasonable policy arguments supporting Garner's novel mental-age rule, "in this analysis," the court, acting as a gatekeeper, is "confined to a consideration of constitutional law as it presently stands," and because Garner's claim depended on a novel "extension of the law," Garner, by definition, had not made a prima facie showing. Id.; see also In re: Neville, 440 F.3d 220 (5th Cir.) (denying leave to file successive motion that sought an extension of a new rule), cert. denied, 546 U.S. 1161 (2006). The same reasoning applies here.

## II. IN ANY EVENT, FEDERAL KIDNAPPING AND CARJACKING ARE "CRIMES OF VIOLENCE" UNDER THE FORCE CLAUSE OF 18 U.S.C. § 924(C)(3)(A).

Fulks argues (App. 11-18) that he is entitled to relief under Johnson because that decision leaves in place Section 924(c)(3)(A)'s force clause, and his convictions for kidnapping and carjacking do not qualify under that clause. Fulks is incorrect.

a. Kidnapping and carjacking qualify as "crime[s] of violence" under the force clause of Section 924(c)(3)(A). The federal kidnapping statute, 18 U.S.C. § 1201(a)(1), penalizes "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by a parent thereof, * * * when that "person is willfully transported in interstate or foreign commerce." The statutory term "willfully" defines an intentional crime. See United States v. Childress, 26 F.3d 498 (4th Cir. 1994). As the Second Circuit has explained, "[t]hat the crime of [federal] kidnapping involves the threatened use of physical force against a person and is thus a crime of violence under [§ 924(c)] cannot be questioned." United States v. Patino, 962 F.2d 263, 264, 267 (2d Cir.), cert. denied, 506 U.S. 927 (1992). See also United States v. Salemi, 26 F.3d 1084, 1087 (11th Cir.) (kidnapping is a crime of violence under the force clause of Guidelines § 4B1.2), cert. denied, 513 U.S. 1032 (1994).

Fulks' reliance (App. 13) on United States v. Hughes, 716 F.2d 234 (4th Cir. 1983), and United States v. Willis, 234 F.3d 174 (4th Cir. 2000), is misplaced. Neither case presented the issue whether federal kidnapping qualifies under a "force clause" in any federal statute. Rather, in each case, this Court merely stated in dicta that the "inveiglement" or "decoying" methods of committing kidnapping can be accomplished by non-forcible means. As a result, this Court did not discuss the "holds for ransom or reward" element of Section 2109, which has a force element.

Fulks argues (App. 14) that the holding element does not require physical force because the Supreme Court stated in Chatwin v. United States, 326 U.S. 455, 460 (1946), that it can be accomplished by "unlawful physical or mental restraint." But "mental restraint" captures a threatened use of force: a threat of force does not physically restrain the victim; it

puts the victim in fear of harm.  Fear, by its nature, is a mental restraint.  In addition, using mental restraint against the victim's will in order to confine the victim carries a threat of physical force if the victim is recalcitrant.

The federal carjacking statute, 18 U.S.C. § 2119, penalizes whoever "with the intent to cause death or serious bodily harm, takes a motor vehicle * * * from the person * * * by force and violence or by intimidation."  On its face, Section 2119 is a specific intent crime.  Two courts of appeals have held that Section 2119 meets the "force clause" of Section 924(c)(3)(A).  See United States v. Moore, 43 F.3d 568, 572-573 (11th Cir.), cert. denied, 516 U.S. 879 (1994); United States v. Mohammad, 27 F.3d 815, 819 (2d Cir.), cert. denied, 513 U.S. 975 (1994).  In United States v. McNeal, 818 F.3d 141 (4th Cir. 2016), this Court, following the logic of those decisions, concluded that the federal bank robbery offense, 18 U.S.C. § 2113, which requires the taking of money "by force and violence, or by intimidation," satisfied Section 924(c)(3)(A).  Under the reasoning of McNeal, carjacking also satisfies Section 924(c)(3)(A).

Fulks' reliance (App. 15-16) on United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012), is misplaced.  In Torres-Miguel, this Court held that a state crime of threatening to commit a crime that would result in death or great bodily harm did not qualify as a "crime of violence" under the "force clause" of  Guidelines § 2L1.2(b)(1)(A)(ii) because causing bodily injury does not necessarily require the use of physical force.  That reasoning is questionable in light of the intervening decision in United States v. Castleman, 134 S. Ct. 1403, 1414-1415 (2014).  In any event, the federal carjacking statute, in contrast to the state statute in Torres-Miguel, requires the defendant to "take" a car by force and violence or by intimidation, and therefore satisfies the "use" requirement.

b. Fulks notes (App. 11) that the Second and Seventh Circuits granted authorization on this issue in part on government concessions in <u>Freeman</u> v. <u>United States</u>, No. 15-3687 (2d Cir. Jan. 26, 2016), and <u>United States</u> v. <u>Ruiz</u>, No. 16-1193 (7th Cir. February 19, 2016). But the Seventh Circuit acted after that Court, on direct appeal, had already extended <u>Johnson</u> to a statute with identical language to Section 924(c)(3)(B).  <u>See</u> <u>Vivas-Ceja</u>, <u>supra</u>.  This Court has not taken that step on direct appeal or otherwise.  <u>See</u> <u>United States</u> v. <u>Graham</u>, No, 12-4659, Slip op. 5 n.1 (May 31, 2016) (en banc). [1]

More importantly, since <u>Freeman</u> and <u>Ruiz</u>, the government has reconsidered its position--as it was entitled to do, <u>see</u> <u>United States</u> v. <u>Garcia</u>, 469 U.S. 70, 78-79 (1984)--and has determined that any concession on this issue is unwarranted.   More recently, in <u>United States</u> v. <u>Turner</u>, No. 16-1145 (1st Cir. May 4, 2016), the First Circuit denied authorization on this issue for "substantially the reasons stated in the government's oppositions to Turner's application**.**"  This Court should follow <u>Turner</u> and deny Fulks' application.

---

[1]    In <u>United States</u> v. <u>Pinder</u>, 2016 WL 3081954 (11th Cir. June 1, 2016), the Eleventh Circuit granted authorization to file a second 2255 motion to challenge his Section 924(c) convictions that were based on Hobbs Act robbery offenses.  <u>Pinder</u>, however, involves only the residual clause of Section 924(c)(3)(B). Because Fulks' kidnapping and carjacking convictions are within Section 924(c)(3)(A), <u>Pinder</u> does not apply here.

## CONCLUSION

The Court should deny Fulks' application to file a successive motion under 28 U.S.C. § 2255.

Respectfully submitted.

WILLIAM N. NETTLES
United States Attorney

LESLIE R. CALDWELL
Assistant Attorney General

SUNG-HEE SUH
Deputy Assistant Attorney General

ROBERT F. DALEY
Assistant U.S. Attorney
District of South Carolina

s/ Thomas E. Booth
THOMAS E. BOOTH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Suite 1511
Washington, DC 20530
(202) 514-5201
Thomas.Booth@usdoj.gov

**CERTIFICATE OF SERVICE**

In accordance with Fed. R. App. P. 25(d), the undersigned counsel of record certifies that this Court-Ordered Response to Movant's Application was this day served upon Peter Williams, counsel for Fulks, by notice of electronic filing with the Fourth Circuit's CM/ECF system.

Dated: June 6, 2016

/s/ Thomas E. Booth
Thomas E. Booth

**CERTIFICATE OF COMPLIANCE**

1. This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it does not exceed 20 pages.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in Calisto MT 12-point font in text and in footnotes.

DATED: June 6, 2016

/s/ Thomas E. Booth
THOMAS E. BOOTH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Suite 1511
Washington, DC 20530
(202) 514-5201
Thomas.Booth@usdoj.gov