# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## Case No. 16-9

_____

## In re  CHADRICK EVAN FULKS,

## Movant.

_____

# REPLY IN SUPPORT OF APPLICATION TO FILE SECOND
# OR SUCCESSIVE MOTION PURSUANT TO
# 28 U.S.C. § 2244 AND 28 U.S.C. § 2255(h)

_____

## CAPITAL § 2255 PROCEEDINGS


Peter Williams
Assistant Federal Defender
Federal Community Defender Office
 for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520


June 8, 2016

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................................................................................i

INTRODUCTION .......................................................................................................... 1

ARGUMENT.................................................................................................................. 1

I.     MR. FULKS HAS MADE THE NECESSARY SHOWING THAT HIS CLAIM, BASED ON THE NEW RULE OF LAW ANNOUNCED IN *JOHNSON*, WARRANTS FULL EXPLORATION BY THE DISTRICT COURT................................................................. 1

II.    THE DISTRICT COURT SHOULD DECIDE THE MERITS OF MR. FULKS'S CLAIMS FOR RELIEF. ....................................................................................... 6

CONCLUSION............................................................................................................. 10

<u>**INTRODUCTION**</u>

On June 6, 2016, the government filed its Response in Opposition to Movant's Motion to File a Successive § 2255 Motion ("Response"). Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Chadrick Fulks, through counsel, respectfully submits this Reply to the government's Response.

<u>**ARGUMENT**</u>

**I.      MR. FULKS HAS MADE THE NECESSARY SHOWING THAT HIS CLAIM, BASED ON THE NEW RULE OF LAW ANNOUNCED IN *JOHNSON*, WARRANTS FULL EXPLORATION BY THE DISTRICT COURT.**

The government concedes that *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), and that any claims made "in the sphere in which *Johnson* operates" meet the requirements of § 2255(h)(2). Response at 4-5. The government argues that Mr. Fulks's application should be denied because he presents a claim that is "outside of *Johnson*'s sphere" as he is challenging his convictions under § 924(c) and not challenging a sentence rendered under the ACCA. Response at 4-5. According to the Government, because *Johnson* confined its ruling to the constitutionality of the ACCA (§ 924(e)) and contained

1

an "express disavowal of an intent to cast doubt on the constitutionality of other statutes," Mr. Fulks is basing his claim on an extension of *Johnson* and is "asking the Court to extend that decision to a new context.". *Id.* at 4-5.

The Government errs. *Johnson* did not only invalidate § 924(e), but the ordinary case analysis that courts have used to interpret § 924(e)'s residual clause. *See* Application at 7-8. As § 924(c) contains a similarly worded residual clause, which courts have also interpreted through the same ordinary case analysis, *id.*, at 8-11, Mr. Fulks is not relying on an extension of *Johnson*, but on *Johnson* itself.

Additionally, *Johnson* contained no "express disavowal of an intent to cast doubt on the constitutionality of other statutes," Response at 9. Although the Supreme Court in *Johnson* "did not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real world conduct," *Johnson* made no such limitations when the statute in question "requires application of the 'serious potential risk' standard to an idealized ordinary case of the crime." *Johnson*, 135 S. Ct. at 2561. It was for precisely this reason that it found § 924(e) to violate due process. As with § 924(e), § 924(c) does not call for an analysis of real world conduct, but an assessment of risk "to an idealized ordinary case of the crime." Accordingly, it is void under *Johnson* itself.

The government attempts to argue that the ordinary case approach in §

924(c) cases should survive *Johnson* because it is "more targeted and

straightforward in the context of Section 924(c)(3)(B)." Response at 5-6. The

government focuses on several linguistic differences between the two statutes, but

none of the wording in § 924(c) is any less subject to the indefinite application that

led the *Johnson* Court to invalidate the residual clause of the ACCA.

**Significantly, this Court has already authorized an application to file a**

**successive § 2255 motion challenging a § 924(c) conviction in light of *Johnson*.**

*See In re Chapman*, No. 16–246 (4th Cir. May 3, 2016).[1] This Court's *Chapman*

order is dispositive. Any distinction of Mr. Fulks's claim from *Chapman* would

require an analysis of the underlying merits of each movant's claims, which should

only be addressed by the district court after full development. *See In re Williams*,

330 F.3d 277, 281-82 (4th Cir. 2003) (focus at "pre-filing authorization stage"

must be on whether applicant has satisfied statutory requirements for filing second

or successive motion, and "not the possibility that the claims will ultimately

---

[1] The order in *Chapman* does not expressly state that Chapman is challenging a
§ 924(c) conviction, but this is clear from the pleadings. *See* Motion for an Order
Pursuant to Local Rule 22(d) Authorizing District Court to Consider a Successive
Application under 28 U.S.C. § 2255, *In re Chapman*, No. 16–246, at 2 (Mar. 17,
2016).

warrant a decision in favor of the applicant"). Accordingly, this Court should authorize Mr. Fulks's current application because, just as in *Chapman*, Mr. Fulks is seeking to challenge his § 924(c) conviction based on the new rule of constitutional law announced in *Johnson*.[2]

This Court's order in *Chapman* is consistent with orders entered by at least three other circuit courts that also have now authorized second § 2255 motions based on claims that *Johnson* has invalidated § 924(c)'s residual clause. *See Freeman v. United States*, No. 15–3687 (2d Cir. Jan. 26, 2016) (unpublished) (authorizing second § 2255 motion based on *Johnson*'s applicability to § 924(c)); *Ruiz v. United States*, No. 16–1193 (7th Cir. Feb. 19, 2016) (unpublished) (same); *In re Pinder*, 2016 WL 3081954 (11th Cir. June 1, 2016).[3] At least three district courts also have recognized that *Johnson*'s reasoning has invalidated not just § 924(e)'s residual clause but also § 924(c)'s residual clause. *See United States v. Bell*, No. 15–CR–00258, 2016 WL 344749, at *11–13 (N.D. Cal. Jan. 28, 2016);

---

[2] More recently, this Court denied permission to file a successive § 2255 application in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016). That order is discussed in Point II *infra*.

[3] The Fifth Circuit has also authorized a second § 2255 motion for a claim that *Johnson* has invalidated the residual clause of U.S.S.G. § 4B1.2(a)(2). *See In re Holston*, No. 16-50213 (5th Cir. May 17, 2016) (unpublished).

*United States v. Lattanaphom*, No. 2:99–CR–00433, 2016 WL 393545, at *3–6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015WL 9311983, at *2–6 (D. Md. Dec. 23, 2015). And though the Sixth Circuit has held that the residual clause of § 924(c) is not unconstitutionally vague, *see United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016), the Fifth, Seventh, and Ninth Circuits have held that the residual clause of § 16(b), with wording identical to § 924(c)'s residual clause, is unconstitutionally vague. *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016); *United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

Furthermore, this Court has long recognized that § 924(e)'s residual clause is similar to § 924(c)'s residual clause, and relied on precedent addressing one to interpret the other. *See United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same). Thus, Mr. Fulks's claim that *Johnson* invalidated not only § 924(e)'s residual clause but also § 924(c)'s residual clause is not, as the government argues, "a claim that depends on the extension of precedent." Response at 8.

This Court's order in *Chapman* alone establishes that Mr. Fulks is entitled to file a second § 2255 motion.  And although federal courts are divided on the application of *Johnson*, the existence of substantial precedent recognizing the merit of claims indistinguishable from Mr. Fulks's claim in and of itself further demonstrates that Mr. Fulks has made "'a sufficient showing of possible merit to warrant a fuller exploration by the district court'" for this Court to authorize his second § 2255 motion.  *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)).

## II.  THE DISTRICT COURT SHOULD DECIDE THE MERITS OF MR. FULKS'S CLAIMS FOR RELIEF.

The government contends that Mr. Fulks's application should be denied because, according to the government, Mr. Fulks's carjacking and kidnapping convictions would qualify as crimes of violence under the force clause.  Response at 11-13.  The government errs.

The showing of possible merit necessary to satisfy the requirements for filing a second or successive motion "relates to the possibility that the claims in a successive application will satisfy 'the stringent requirements for the filing of a second or successive petition,' not the possibility that the claims will ultimately warrant a decision in favor of the applicant."  *Williams*, 330 F.3d at 281-82

6

(quoting *Bennett v. United States*, 119 F.3d at 469-70). While "this determination may entail a cursory glance at the merits," the "focus of the inquiry must always remain on the [§ 2255(h)(2)] standards" – i.e., whether Mr. Fulks's claim relies on a new rule of constitutional law made retroactive by the Supreme Court. *Id.* at 282. "Whether [a] new rule of constitutional law invalidates [the appellant's] sentence must be decided in the first instance by the District Court." *Pinder*, 2016 WL 3081954, at *2 (granting application to file second § 2255 petition challenging § 924(c) conviction in light of *Johnson*). Regardless of the government's view of the ultimate merits of Mr. Fulks's claim at this stage, Mr. Fulks has met the standard for this Court to authorize a second § 2255 motion because he relies on a new and retroactive rule of constitutional law to present a claim for relief based on the straightforward application of the precedents of the Supreme Court and this Court. Mr. Fulks's application should be granted in order for the district court to perform a thorough analysis of these claims.

Moreover, the government's challenges to the merits of Mr. Fulks's claims are baseless. The government does not appear to contest that kidnapping can be accomplished through deceptive means that do not constitute force. Instead, the government contends that kidnapping satisfies the force clause because the kidnapping statute requires that the kidnapper "hold[] for ransom or reward," that

7

the holding requirement is satisfied by "unlawful physical and mental restraint," and that "mental restraint" necessarily involves a threatened use of force. Response at 11-12. The government's argument has no merit. To satisfy § 924(c)'s force clause, the government must establish the attempted, threatened, or actual use of violent physical force, which means "force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010). The government cites no authority establishing that "mental restraint" necessarily involves the use of violent physical force. To the contrary, *Chatwin v. United States*, 326 U.S. 455 (1946), which the government acknowledges in its response, states that "[i]f the victim is of such an age or mental state as to be incapable of having a recognizable will, the confinement then must be against the will of the parents or legal guardian of the victim." *Id.* at 460. Accordingly, a kidnapper who lures a child away and holds the child through deception can seize and hold the child without any threatened, attempted, or actual use of physical force (let alone violent physical force) so long as such actions were against the will of the parents or legal guardian. *See* Application at 14.

As to carjacking, the government contends that carjacking satisfies the force clause because it "requires the defendant to 'take' a car by force and violence or by intimidation … ." Response at 12. The government's reliance on the

"taking" component of the carjacking statute is misplaced. That a car is *taken* in a carjacking does not satisfy the force requirement if the taking does not involve the intentional use of violent physical force. As Movant described in his application, a taking through intimidation does not require the intentional use of violent physical force. Application at 15-17.

The government cites this Court's opinion in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and has also filed a supplemental authority letter directing the Court's attention to *In re Terrell E. Roberson*, No. 16-948 (4th Cir. June 3, 2016). In *Roberson* this Court denied permission to file a successive § 2255 motion because it concluded, in reliance on *McNeal*, that "even if *Johnson* applied to the residual clause under § 924(c), carjacking is still a crime of violence under the force clause." The *Roberson* order does not consider that *McNeal* did not address carjacking, but federal bank robbery. In *McNeal*, this Court "did not write on a blank slate," but considered approximately twenty-five years of bank robbery jurisprudence when defining the elements of that crime. *McNeal*, 818 F.3d at 152. Crime of violence determinations are statute-specific. *See United States v. Gardner*, 2016 WL 2893881 (4th Cir. Mar. 24, 2016) (North Carolina's robbery statute, which defined robbery as a taking by violence or fear, is not a crime of violence because the force necessary under that statute need not be violent force).

9

Absent the history attached to bank robbery and under a different statute

(carjacking), *McNeal* is not persuasive here.

## **CONCLUSION**

For the reasons set forth in Mr. Fulks's Application and above, he requests

that the Court authorize him to file a second § 2255 motion in the district court.

Respectfully Submitted,

/s/ Peter Williams
Peter Williams
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Dated: June 8, 2016

## Certificate of Service

I, Peter Williams, hereby certify that on this 8th day of June, 2016, I

submitted the foregoing Reply with service via ECF to:

> Thomas R. Booth
> U.S. Department of Justice
> 950 Pennsylvania Avenue, #1511
> Washington, DC 20530
>
> Robert F. Daley, Esq.
> Office of the United States Attorney
> 1441 Main Street, Suite 500
> Columbia, SC 29201

> /s/ Peter Williams
> Peter Williams