# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## *Capital Habeas Unit*

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

<table>
<tr><td>***LEIGH M. SKIPPER***<br>CHIEF FEDERAL DEFENDER</td><td>PHONE NUMBER  (215) 928-0520<br>FAX NUMBER     (215) 928-0826<br>FAX NUMBER     (215) 928-3508</td><td>***HELEN A. MARINO***<br>FIRST ASSISTANT FEDERAL DEFENDER</td></tr>
</table>

June 9, 2016

The Honorable Patricia Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street
Richmond, VA 23219

**Re:**     *United States v. Chadrick E. Fulks,* **No. 16-9**

Dear Ms. Connor:

This letter is submitted pursuant to Fed. R. App. P. 28(j).

On June 8, 2016, this Court published an order in Case No. 15-276, *In re Creadell Hubbard*, granting authorization to pursue a successive motion pursuant to 28 U.S.C § 2255. The Court determined:

- That "[a]ll Hubbard need show [in order to obtain permission to file a successive petition in the district court] is that there is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'" *Hubbard*, Dkt. 32, at 11 (quoting 28 U.S.C. § 2255(h)(2)). This Court recognized that this is "a relatively low bar." *Id.*

- That "it is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding." *Id.*

- That this Court "cannot determine, at a glance, whether [the] single dissimilarity" between the language in 18 U.S.C. § 16(b) (the statute that Mr. Hubbard challenged) and

in 28 U.S.C. § 924(e)(2)(b)(ii) which was voided for vagueness in *Johnson* "is sufficient to distinguish" one from the other. *Id.* at 15.

- That the distinction between § 16(b) and § 924(e)(2)(b)(ii) raised by the government "does not render it implausible that § 16(b), too, is unconstitutionally vague" and that "that is a merits argument that is sufficiently close to warrant presentation to the district court." *Id*. at 17.

- That this Court's decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), holding that federal armed bank robbery is a crime of violence and that the holding in *Johnson* is therefore inapplicable to that crime does not foreclose *Johnson* relief with regard to other predicate crimes. *See id*. at 5.

The Court's reasoning in *Hubbard* applies equally to Mr. Fulks's application. Therefore, Mr. Fulks should be permitted to pursue a successive motion in the district court.

Sincerely,


/s/Peter Williams

Peter Williams
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520